UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORMAN A. THOMAS,

    Plaintiff

520 Atlantic Ave
York PA 17404 -7128707103

    v.                         Civil Action No. 07-1286(HHK)

DISTRICT OF COLUMBIA
GOVERNMENT, et. al.

    Defendants.

## MOTION FOR A EMERGENCY PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING ORDER

    Comes now the plaintiff, Norman A. Thomas, and moves this honorable court pursuant to Rule 65 of the Federal Rules of Civil Procedure to issue a "Preliminary Injunction and Temporary Restraining Order" against defendant U.S. Citizenship & Immigration Services, Department of Homeland Security, enjoining defendant during the pendency of this action from **"Deporting"** plaintiff out of the United States, or any other actions in reference to plaintiff's deporation proceedings.

    Plaintiff asserts that under the familiar standard for deciding whether to grant emergency injunctive relief, the Court must consider (1) whether there is a substantial likelihood that plaintiff will suceed on the merits of his claims, (2) whether

RECEIVED

AUG 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

plaintiff will suffer irreparable injury absent injunction, (3) the harm to the defendants or other interested parties (balance of harms), and (4) whether an injunction would be in the public interest or at least not be adverse to the public interest. See Serono Laboratories, Inc. v. Shalada, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998); Sea Containers Ltd. v. Stena AB, 890 F.2d 1205, 1208 (D.C. Cir. 1989); Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977); Milk Industry Foundation v. Glickman, 949 F.Supp. 882, 888 (D.C. Cir. 1996).

Plaintiff is not required to prevail on each of these factors. Rather, under **Holiday Tours**, the factors must be viewed as a continuum, with more of one factor compensating for less of another. "If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 747 (D.C. Cir. 1995). An injunction may be justified "where there is a particularly strong likelihood of success on the merits even if there is relatively slight showing of irreparable injury." Id. Conversely, when the other three factors strongly favor interim relief, a court may grant injunctive relief when the moving party has merely made out a "substantial" case on the merits. The necessary level or degree of likelihood of success that must be shown will vary according to the Court's assessment of the other factors. Washington

Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d at 843-45. This test is not a "wooden one," for as the U.S. Court of Appeals For The District of Columbia has noted, "relief may be granted with either a high probability of success and some injury, or vice vera. Cuomo v. United States Nuclear Regulatory Commission, 772 F.2d 972, 974 (D.C. Cir. 1985).

Plaintiff asserts that: (1) there is a strong likelihood of success on the merits; (2) that irreparable injury will result in the absence of the requested relief because plaintiff has (a) lived in the United States since he was nineteen years of age, for over twenty six (26) years; (b) has three U.S. citizen children, whose ages are one (1); seven (7); and twenty three (23) years old; (c) plaintiff is presently buying his house and has a current mortgage; (d) plaintiff has worked all of his adulthood here in the United States; (e) plaintiff's entire family lives in the United States; and (f) plaintiff does not have any family ties in his native counrty of Jamaica, nor anyone to whom plaintiff could depend on if deported; (3) defendants will not in anyway be harmed if temporary relief is granted; and (4) the public interest favors entry of a temporary restraining order.

Finally, plaintiff asserts that if he is deported, this will create an extreme hardship on his children, and his family. Also extremely affected will be his place of employment where plaintiff plays a major role in his place of employment as will

be further shown at the hearing on plaintiff's "Motion For A Preliminary Injunction and Temporary Restraining Order.

In sum, an injunction may be issued in this case with either a high probability of success and some injury, or vice versa." Cuomo v. United States Nuclear Regulatory Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985).

**WHEREFORE,** in light of the aforementioned, plaintiff requests that this honorable court grant him an **"Emergency Preliminary Injunction and Temporary Restraining Order"** against defendant, U.S. Citizenship and Immigration Services, Department of Homeland Security, which enjoins them, their officers, agents, and employees from deporting plaintiff out of the United States during the pendency of this Civil Action.

Respectfully Submitted,

Norman A. Thomas
520 Atlantic Avenue
York, PA 17404

-4-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

AUG 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NORMAN A. THOMAS,

    Plaintiff
520 Atlantic Ave
York PA. 17404

    v.

AFFIDAVIT/AFFIRMATION

Civil Action No. 07-1286(HHK)

DISTRICT OF COLUMBIA
GOVERNMENT, et. al.

    Defendants.

    I, Norman A. Thomas, being duly sworn, deposes and say that I am the plaintiff in the above-entitled action, and I respectfully move this honorable Court to "Order" defendant, U.S. Citizenship & Immigration Services, Department of Homeland Security, to "Show Cause" why they should not be enjoined from "Deporting" plaintiff to Jamaica until a final dispostion is reached on the merits in the above-entitled action.

    Plaintiff avers that unless this order is issued, I will suffer immediate and irreparable injury, loss and damage in that: (1) my three (3) U.S. citizen children will be deprived of their father, a place to live, stability, security, supervision and financial support for their future up-bringing. Most importantly, my one (1) and seven (7) year will suffer mental and psychological damage from their father being snatched right out of their life; (2) I will also will suffer

mental and psychological stress by being abruptly deported back to Jamaica, a place that I have no family or friends, or even a place to live; (3) I will lose my home, my employment, and will be unable to support my children or myself if deported; and (4) I will be homeless if deported back to Jamaica. As can be seen from the foregoing, I have no adequate remedy at law.

**WHEREFORE,** I respectfully request that the Court grant the within relief as well as such other and further relief that may be just and proper.

*Norman A. Thomas*
Norman A. Thomas

Subscribed to and sworn before me this 13th day of August 2007.

*Yalithza Cruz*
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
YALITHZA CRUZ, Notary Public
West Manchester Twp., York County
My Commission Expires Dec 23, 2008