## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NORMAN A. THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 1:07-1286 (HHK)** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **THE DISTRICT OF COLUMBIA,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## DEFENDANTS' MOTION TO DISMSS

Defendants District of Columbia (hereafter "the District"), and the D.C. Department of Corrections (hereafter "DOC"), by counsel, hereby move, pursuant to Fed. R. Civ. P. 12(b)(6), for dismissal of Plaintiff's Complaint, for failure to state a claim against them for which relief may be granted. The D.C. Board of Parole no longer exists and the District is not liable to plaintiff nor can it provide him with his requested relief. Instead, plaintiff must look to the United States Parole Commission to afford him any relief to which he may be entitled. Additionally, DOC is non *sui juris* and plaintiff may not maintain his claims against this defendant. More detailed grounds for the defendants' motion are set forth in the attached memorandum of points and authorities.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ _____

PATRICIA A. JONES [428132 ]

Chief, General Litigation, Section IV

/s/ _____

SALLY L. SWANN[1]

Assistant Attorney General

441 4th Street, N.W.

6th Floor South

Washington, D.C. 20001

(202)724–6519; (202)727-6295

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NORMAN A. THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 1:07-1286 (HHK)** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **THE DISTRICT OF COLUMBIA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR DISMISSAL

### FACTS ALLEGED IN COMPLAINT

Plaintiff has sued the District of Columbia and the D.C. Department of Corrections. According to the Complaint, on February 10, 1989, the Superior Court for the District of Columbia sentenced plaintiff to twenty months to five years for possession of a controlled substance. He served the minimum term and was released on parole in 1991.  His full term expiration date on the sentence was October 14, 1993.   In 1991, before the date of the full term expiration, plaintiff avers that he was arrested in the State of Pennsylvania, and charged with possession of crack cocaine.  He was paroled in 1993 and released to the Immigration and Naturalization Service (now Homeland Security).  Plaintiff contends that the D.C. Board of Parole informed Immigration that he was not wanted in the District, and according to plaintiff, Immigration's NIC check did not show any pending warrants.

Plaintiff alleges he was involved in a car accident in New York City in 1995 after which he was extradited to the District of Columbia on a warrant for a parole violation. Plaintiff

contends he had no opportunity to contest the validity of the warrant for the parole violation relating to the sentence imposed on February 10, 1989, by the Superior Court for the District of Columbia. Plaintiff avers he was taken into custody in the District of Columbia on August 7, 1995. He contends that under the District of Columbia's Good Time Credits Act, D.C. Code § 24-431 and the Department of Corrections regulation, 28 D.C.M.R. § 601.7, his time spent on parole should have been credited toward service of the sentence for which parole was granted, and if properly credited, his sentence would have been "defunct." Plaintiff seeks relief under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1332 and 1391(e), and the Fifth Amendment to the United States Constitution.

## ARGUMENT

### I.     Standard of Review for Dismissal of Claims Pursuant to Fed. R. Civ. P. 12(b)(6).

In reviewing the sufficiency of claims pursuant to Fed. P. Civ. R. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs. See *Scheuer v. Rhodes*, 416 U.S.232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41-56-46 (1957), and citing *Gardner v. Toilet Goods Assn.*, 387 U.S. 167, 172 (1967)). However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. See *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Further, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averment of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only enjoys the "enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint. See *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

II.    **Plaintiff's Claims Pursuant to 42 U.S.C. § 1983 Are Not Viable Against the District of Columbia.**

The U.S. Supreme Court has identified a two-prong analysis when a 42 U.S.C § 1983 claim is asserted against a municipality: (1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). Under § 1983, a *municipality* cannot be held liable under principles of *respondeat superior.   See Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997), citing *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978). Instead, in *Monell* and subsequent cases, the U.S. Supreme Court has required "a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *See Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). Therefore, plaintiff must "show fault on the part of the [District] based on a course its policymakers consciously chose to pursue." *See Carter v. District of Columbia,* 795 F.2d 116, 122 (D.C. Cir. 1986).

Section 1983 does not create any substantive rights; it merely provides remedies for deprivations of rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). In support of his § 1983 claim, plaintiff alleges that the District violated his constitutional rights under the 5th Amendment. See Complaint, generally. However, plaintiff has failed to allege that the violation of his constitutional rights resulted from a District custom, policy, or practice, or that a final policymaker consciously chose to pursue unconstitutional policies and/or ratified constitutional misconduct. See Complaint, generally. Accordingly, plaintiff may not maintain his § 1983 claim against the District, and dismissal is mandated.

III.    **The District of Columbia Parole Board no longer exists, and the District of Columbia lacks any authority over the United States Parole Commission.**

As a legal and practical matter, the District of Columbia cannot provide a response to the merits of the Complaint because the District of Columbia lacks authority over parole and sentencing matters.  Through the National Capital Revitalization and Self-Government Improvements Act of 1997, Pub. L. 105-33, D.C. Official Code §§ 24-101 through 131 (2001 and 2006 Supp.), the United States Congress transferred responsibility for the imprisonment of D.C. felons from the District of Columbia to the Bureau of Prisons, and also transferred the parole authority for such felons from the D.C. Board of Parole to the United States Parole Commission ("USPC").  *See Crawford v. Jackson*, 323 F.3d 123, 125-126 (D.C. Cir. 2003); *see also, Gant v. Reilly*, 224 F.Supp.2d 26, 37 (D.D.C. 2002).  In accordance with the Act, the D.C. Board of Parole no longer exists, and the USPC has assumed all of its parole functions.  Thus, the District of Columbia has no authority to respond to the merits of the Complaint, and lacks authority to grant plaintiff his requested relief.  *See Fletcher v. Reilly*, 433 F.3d 867, 876 (D.C. Cir. 2006) (affirming the lower court's dismissal of the District where "[t]he petition contains no allegations of wrongdoing by any District of Columbia officials" and the petitioner was no longer in the custody of a District of Columbia facility.  "Furthermore, the D.C. Board of Parole no longer exists, so [the petitioner] can obtain no redress from the District of Columbia.").

IV.    **The District of Columbia Department of Corrections is Non Sui Juris and must be dismissed.**

Plaintiff names the D.C. Department of Corrections (DOC) as a defendant. However, DOC is *non sui juris*. It is well-established that a governmental entity, or one of its parts, may neither sue nor be sued in the absence of a statutory provision to that effect.  *See Blackmar v. Guerre*, 342 U.S. 512 (1952); *Trifax Corp. v. District of Columbia,* 53 F. Supp.2d 20, 26 (D.D.C.

1999); and *Braxton v. National Capital Housing Authority*, 396 A.2d 215, 216-217 (D.C. 1978).

As the *Braxton* Court held, "[a] noncorporate department or other body within a municipal

corporation is not *sui juris.*  Cases in this jurisdiction have consistently found that bodies within

the District of Columbia government are not suable as separate entities."  *Braxton,* 396 A.2d at

216 (internal citations omitted); *see also Simmons v. D.C. Armory Bd.,* 656 A.2d 1155, 1156-57

(D.C. 1995); *Group Health Association v. D.C. General Hospital,* 540 A.2d 1101 (D.C. 1988);

*Ray v. District of Columbia*, 535 A.2d 868, 870 n.2 (D.C. 1987); *Miller v. Spencer*, 330 A.2d

250, 251 n.1 (D.C. 1974); *Dunmore v. District of Columbia*, 662 A.2d 1356 (D.C. 1995);

*Roberson v. District of Columbia Bd. of Higher Education*, 359 A.2d 28 (D.C. 1976).  Since

there is no legislation endowing the DOC with the capacity to sue or be sued, it is not a proper

party to this suit.  Rather, the District of Columbia is the only proper defendant and for the

reasons set forth above, the District of Columbia should be dismissed.

WHEREFORE, the District of Columbia and the D.C. Department of Corrections

respectfully requests that the Complaint against them be dismissed.

> Respectfully submitted,
>
> LINDA SINGER
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division
>
>  /s/
> _____
> PATRICIA A. JONES [428132 ]
> Chief, General Litigation, Section IV

/s/
SALLY L. SWANN[2]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202)724–6519; (202)727-6295

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2007, a copy of the foregoing response and proposed order were mailed postage prepaid to:

Norman A. Thomas
520 Atlantic Avenue
York, Pennsylvania 1740

Sally L. Swann
Assistant Attorney General

---

[2] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NORMAN A. THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 1:07-1286 (HHK)** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **THE DISTRICT OF COLUMBIA,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### ORDER

Upon consideration of the District of Columbia and the D.C. Department of Correction's motion to dismiss, their memorandum in support thereto, plaintiff's opposition, if any, and the record herein, it is hereby, this ___ day of _____, 2007,

ORDERED: that the Motion to Dismiss is granted for the reasons set forth in the motion; and it is,

FURTHER ORDERED: that the District of Columbia and the District of Columbia Department of Corrections are dismissed with prejudice.

SO ORDERED, this _____ day of _____, 2007.


_____
Henry H. Kennedy, Judge
United States District Court for the District of Columbia


cc:

   Norman A. Thomas
   520 Atlantic Avenue
   York, Pennsylvania 17404

Sally L. Swann
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001