UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORMAN A. THOMAS,           :
                            :
    Plaintiff               :
                            :
                            :
    v.                      :    Civil Action No. 07-1286(HHK)
                            :
                            :
DISTRICT OF COLUMBIA        :
GOVERNMENT, et. al.         :
                            :
                            :
    Defendants.             :
........................... :

## MOTION FOR A EMERGENCY PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING ORDER AND AFFIDAVIT IN SUPPORT

Comes now the plaintiff, Norman A. Thomas, and moves this honorable court pursuant to Rule 65 of the Federal Rules of Civil Procedure to Issue a **"Preliminary Injunction and Temporary Restraining Order"** against defendant U.S. Citizenship & Immigration Services, Department of Homeland Security, enjoining their agents, officers, employees and all other personnel during the pendency of this Civil Action from **"Deporting"** plaintiff out of the United States of America, or any other actions in reference to plaintiff's deportation proceedings.

Plaintiff asserts that under the familiar standard for deciding whether to grant **"Emergency Injunctive Relief,"** the Court must consider (1) whether there is a substantial likelihood that plaintiff will suceed on the merits of his claims; (2) whether

RECEIVED
OCT - 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

plaintiff will suffer irreparable injury absent injunction, (3) the harm to the defendants or other interested parties (balance of harms), and (4) whether an injunction would be in the public interest or at least not be adverse to the public interest. See Serono Laboratories, Inc. v. Shalada, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998); Sea Containers Ltd. v. Stena AB, 890 F.2d 1205, 1208 (D.C. Cir. 1989); Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977); Milk Industry Foundation v. Glickman, 949 F.Supp. 882, 888 (D.C. Cir. 1996).

Plaintiff is not required to prevail on each of these factors. Rather, under **Holiday Tours**, the factors must be viewed as a continuum, with more of one factor compensating for less of another. "If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 747 (D.C. Cir. 1995). An injunction may be justified "where there is a particularly strong likelihood of success on the merits even if there is relatively slight showing of irreparable injury." Id. Conversely, when the other three factors strongly favor interim relief, a court may grant injunctive relief when the moving party has merely made out a "substantial" case on the merits. The necessary level or degree of likelihood of success that must be shown will vary according to the Court's assessment of the other factors. Washington

<u>Metro. Area Transit Comm'n</u> v. <u>Holiday Tours, Inc.</u>, 559 F.2d at 843-45. This test is not a "wooden one," for as the U.S. Court of Appeals For The District of Columbia Circuit has noted, "relief may be granted with either a high probability of success and some injury, or vice versa. <u>Cuomo</u> v. <u>United States Nuclear Regulatory Commission</u>, 772 F.2d 972, 974 (D.C. 1985).

Plaintiff asserts that on July 2, 2003, Immigration Judge Elizabeth A. Lamb denied plaintiff's "Application For A Waiver of Deportation" under former Immigration and Nationality Act §212(c) and entered a **"Final Order of Deportation July 2, 2003."** Plaintiff is in **"Imminent Danger"** of being deported at any given time based on the **"Final Order of Deportation"** entered by Immigration Judge Elizabeth A. Lamb, the affirming of her decision by the Board of Immigration Appeals on December 7, 2004, and the Board of Immigration Appeals denial on March 6, 2006 to "Reopen" plaintiff's case pursuant to 8 CFR § 3.2, on the grounds that his attorney, Barbara A. Reede had rendered ineffective representation during plaintiff's entire deportation proceedings.

Plaintiff asserts that: (1) there is a strong likelihood of success on the merits of his case; (2) that he is in **"Imminent Danger"** of being deported if the Court does not grant him a "Preliminary Injuction and Temporary Restraining Order" against defendant Department of Homeland Security; (3) that plaintiff will suffer irreparable injury in the absence of the requested

relief because plaintiff has: (a) lived in the United States of America since he was nineteen years of age, for over twenty-six (26) years; (b) plaintiff has three (3) U.S. Citizen children, whose ages range from one (1), seven (7), and twenty-three (23) years old; (c) plaintiff is presently purchasing his home and has a current mortgage, which is plaintiff's childrens home; (d) plaintiff has worked all of his adulthood here in the United States; (e) plaintiff's entire family lives in the United States; and (f) plaintiff does not have any family ties in his native country of Jamaica, nor anyone to whom plaintiff could depend on if deported; (3) defendants in this case will not in any way be harmed if "temporary releif" is granted; and (4) the public interest favors and will be greatly served if the court enters **"Preliminary Injunction and Temporary Restraining Order"** in this case.

Finally, plaintiff asserts that **"Imminent Danger"** exists to his twenty-three year (23) old son, Ayinda Thomas, who is a Sargeant in the United States Marine Corps. and is scheduled shortly to be deployed to **"Iraq"** to fight in that war, and his mind will be focused on plaintiff's situation instead of the job at hand in **"Iraq,"** of staying alive and making the right decision for soldiers who are under his command. Plaintiff asserts that his son's mind needs not to be concerned that plaintiff is being deported back to Jamaica, that he will not have a home to come home to upon finishing his tour of duty in **"Iraq"** or that his father may be homeless, destitute, and without any family,

because he has been deported to Jamaica, a country that he has no family ties, friends or support, by the very country he is representing and fighting for in "**Iraq,**" putting his life on the line.

In sum, an injunction may be issued in this case with either a high probability of success and some injury, or vice versa. <u>Cuomo</u> v. <u>United States Nuclear Regulatory Comm'n</u>, 772 F.2d 972, 974 (D.C. Cir. 1985).

**WHEREFORE,** in light of the aforementioned, plaintiff requests that this honorable court grant him an "**Emergency Preliminary Inunction and Temporary Restraining Order**" against defendant U.S. Citizenship & Immigration Services, Department of Homeland Security, which enjoins them, their officers, agents, and employees from deporting plaintiff out of the United States during the pendency of this Civil Action. Plaintiff requests this court for an "**Immediate Hearing**" on his motion.

Respectfully Submitted,

*Norman A. Thomas*
Norman A. Thomas
520 Atlantic Avenue
York, PA 17404

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Motion For A Emergency Preliminary Injunction and Temporary Restraining Order and Affidavit In support" has been mailed to the following defendants:

1. District of Columbia Government,
   John A. Wilson Building
   1350 Pennsylvania Avenue, N.W.
   Washington, D.C. 20004

2. D.C. Board of Parole,
   633 Indiana Avenue, N.W.
   Washington, D.C. 20001

3. D.C. Department of Corrections,
   1923 Vermont Avenue, N.W.
   Washington, D.C. 20001

4. U.S. Citizenship And Immigration Services,
   Department of Homeland Security,
   U.S. Department of Justice
   950 Pennsylvania Avenue, N.W.
   Washington, D.C. 20530

5. State of New York
   New York City Government
   633 3rd Avenue, 38th Floor
   New York, NY 10017

6. Blanche L. Bruce
   Asst United States Attorney
   555 fourth street, N.W
   Room #-4220
   Washington DC 20530

this 4th day of October 2007.

State of PA, County of York
Signed before me on this 4th day Oct, 2007

Notary Public  _Yalithza Cruz_

Norman A. Thomas

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
YALITHZA CRUZ, Notary Public
West Manchester Twp., York County
My Commission Expires Dec. 23, 2008

-6-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORMAN A. THOMAS,

    Plaintiff

v.

DISTRICT OF COLUMBIA
GOVERNMENT, et. al.

    Defendants.

**AFFIDAVIT/AFFIRMATION**
Civil Action No. 07-1286(HHK)

    Affiant, Norman A. Thomas, being duly sworn, declares under the penalty of perjury that the foregoing statements are true and correct to the very best of my recollection, belief and understanding.

1. Affiant avers that on July 2, 2003, Immigration Judge Elizabeth A. Lamb denied affiant's application for a waiver of deportation under former Immigration and Nationalty Act §212(c) and entered a **"Final Order of Deportation July 2, 2003."** Affiant avers that the only reasons Immigration Judge Elizabeth A. Lamb denied his application for a "Waiver of Deportation" was because affiant had served the additional time that defendants District of Columbia Government, D.C. Board Of Parole and the D.C. Department of Corrections had made affiant illegally serve after affiant had been brought back to the District of Coumbia from the State of New York without ever being afforded a **"Extradition Hearing."**

2. Affiant avers that he timely appealed Immigration Judge Elizabeth A. Lamb's July 2, 2003 denial of his application for a **"Waiver of Deportation"** under former Immigration and Nationality Act, §212(c), to the "Board of Immigration Appeals" ("BIA").

3. Affiant avers that on December 7, 2004, the Board of Immigration Appeals affirmed the July 2, 2003 decision of Immigration Judge Elizabeth A. Lamb's denial of affiant's application for a **"Waiver of Deportation,"** pursuant to former Immigration and Nationality Act § 212(c).

4. Affiant avers that he then requested that the BIA reopen his case based on the fact that his attorney, Barbara Reede, had rendered ineffective assistance of counsel in her representation of affiant, and on March 6, 2006, affiant's request to the Board of Immigration Appeals was denied.

5. Affiant avers that he is in **"Imminent Danger"** of being deported at any given time based on the **"Final Order of Deportation"** entered by Immigration Judge Elizabeth A. Lamb on July 2, 2003, the Board of Immigration Appeals affirming Immigration Judge Lamb's decision on December 7, 2004, and the "BIA's" denial of affiant's request to reopen his case.

6. Affiant avers that unless a "Preliminary Injunction and Temporary Restraining Order" is issued, affiant will suffer immediate and irreparable injury, loss and damage in that: (1) affiant's three (3) U.S. Citizen children will be be deprived of their father, a place to live, stability, security, supervision and financial support for their future

up-bringing.

3. Affiant avers that his oldest son, Ayinda Thomas is a United States Marine, and will shortly be deployed to Iraq to fight in the war there, and because affiant is in **"Imminent Danger"** of being deported at any given time, this will place affiant's son in **"Imminent Danger"** of irreparable mental and psychological stress which can result in affiant's son being seriously injured or possibly killed, as well as placing his fellow marines around him in **"Imminent Danger"** because affiant's son will be constantly worrying about affiant, his father, and wondering why, since he is fighting for his country, the United States of America, they, the United States of America, would want to just take and snatch his father (affiant) away from him by deporting him to a country where affiant is a stranger and has not been living there or even is familiar with for over twenty-five (25) years, and being responsible for him not having a home to come home to once his tour of duty in Iraq is finished, because affiant's home is his three (3) sons home. Affiant avers that his son will truly be placed in harms way and **"Imminent Danger"** while in Iraq thinking and worrying about his father (affiant) while in Iraq, when his main focus should be on fighting and staying alive, and making right choices since he is a Sargeant and has others under his command.

4. Affiant avers that all three (3) of his children will be placed in **"Imminent Danger"** of not having a place to live, continued financial support, irreparable mental and psychological

damage if affiant is deported back to Jamaica.

5. Affiant avers that he will be placed in **"Imminent Danger"** of being **"Homeless"** if deported back to Jamaica.

*Norman A. Thomas*
Norman A. Thomas

Subscribed to and Sworn Before Me On this ____4th____ day of ____October____ 2007.

*Yalithza Cruz*
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
YALITHZA CRUZ, Notary Public
West Manchester Twp., York County
My Commission Expires Dec. 23, 2008