IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NORMAN A. THOMAS** | : |
| **Plaintiff,** | : |
| v. | : Civil Action No. 07-1286 (HKK) |
| **DISTRICT OF COLUMBIA, et. al.** | : |
| **Defendants.** | : |

**DEFENDANT DEPARTMENT OF HOMELAND SECURITY'S
MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S MOTION FOR A
PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

Defendant United States Department of Homeland Security ("DHS") files this opposition to Plaintiff's Motion for [an] Emergency Preliminary Injunction and a Temporary Restraining Order, and moves to dismiss the above styled action pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction.

The Court is referred to the accompanying Memorandum of Points and Authorities in Support , the declaration of Jacob Antoninis, Supervisory Detention and Deportation Officer, with the U.S. Immigration and Customs Enforcement (ICE), Office of Detention and Removal Operations, United States Department of Homeland Security,[1] as well as the entire record in this

---

[1] Attached as Exhibit 1

case. A proposed Order is also attached.

Plaintiff, *pro se*, should take notice that any factual assertions contained in the declaration and other attachment in support of Defendant's motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or declaration, or other documentary evidence contradicting the assertions in Defendant's attachment. See Neal v. Kelly, 963 F.2d 453 (D.C.Cir. 1992).

WHEREFORE, Defendant requests that this Court deny the motion for preliminary injunctive relief and dismiss Plaintiff's Complaint.

Dated: October 19, 2007

Respectfully Submitted,

_____/s/_____
JEFFREY A. TAYLOR,
United States Attorney
D.C. BAR # 498610


_____/s/_____
RUDOLPH CONTRERAS,
Assistant United States Attorney
D.C. BAR # 434122

_____/s/_____
BLANCHE L. BRUCE,
Assistant United States Attorney
D.C. BAR # 960245

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NORMAN A. THOMAS** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 07-1286 (HKK) |
| : | |
| **DISTRICT OF COLUMBIA, et. al.** : | |
| : | |
| **Defendants.** : | |
| : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS AND IN OPPOSITION TO
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Defendant United States Department of Homeland Security ("DHS") opposes Plaintiff's Motion for [an] Emergency Preliminary Injunction and a Temporary Restraining Order and moves to dismiss his Complaint. In support, Defendant relies upon this memorandum and the declaration of Jacob Antoninis, Supervisory Detention and Deportation Officer, the U.S. Immigration and Customs Enforcement (ICE), Office of Detention and Removal Operations, United States Department of Homeland Security, which is an attached exhibit.

**Introduction**

Plaintiff filed a motion seeking to enjoin "agents, officers, employees and all other personnel during the pendency of this Civil Action from 'Deporting' [him] out of the United States of America, or any other actions in reference to [his] deportation proceedings." (Plaintiff's Motion at 1). The plaintiff states he will suffer irreparable harm because: 1) he has lived in the United States for over 26 years; 2) he has three children, one of whom may be deployed to Iraq; 3) he has a mortgage on a

house; 4) he does not have any family ties to Jamaica; 5) there is no harm to the defendants; and, 6) the public interest will be served. (Plaintiff's Motion at 3-4). Defendant moves to dismiss Plaintiff's motion because 1) this Court lacks subject matter jurisdiction; and, 2) Plaintiff has not met his burden for a temporary restraining order.

**Factual Background**

Plaintiff is a Jamaican national who has two drug criminal convictions, one in the District of Columbia in 1989, and the other one Pennsylvania in 1991. Declaration of Supervisory Detention and Deportation Officer Jacob Antonis (hereinafter referred to as Decl.). On or about July 30, 1993, Plaintiff was placed in Immigration and Customs Enforcement's (ICE) custody for removal proceedings because of his criminal convictions (Decl. 7) . On or about March 28, 1997, ICE released Plaintiff on bond, which is his current release status (Decl. para. 5) . On July 2, 2003, an Immigration Judge issued a final order of removal against Plaintiff (Decl. para 8). On August 1, 2003, Plaintiff appealed his removal order to the Board of Immigration Appeals (Board), which denied the appeal on December 7, 2004 (Decl. para 9). In December 2005, Plaintiff filed a motion to reopen his removal case before the Board which was denied in March 2006 (Decl. para 11). On November 27, 2006, Plaintiff filed a petition for review before the Second Circuit which was dismissed (Decl. para 12). Finally, according to Deportation Officer Antonis, Plaintiff's "removal is not significantly likely to occur in the reasonable foreseeable future . . . [and] ICE has not pursued a travel document" for Plaintiff (Decl. para 13).

**Standards of Review and Legal Principles**

Under Rule 12(b)(6), the Court is to treat the complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993),

and must grant a plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir.1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996) and Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). As the Supreme Court recently clarified in Bell Atlantic Corp. v. Twombly:

> a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions . . . . [f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true . . . .

127 S. Ct. 1955, 1959 (U.S. May 21, 2007) (NO. 05-1126). In deciding the motion, the court may consider additional evidence. See Arizmendi v. Lawson, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion.").

A district court cannot address any issue if it lacks subject matter jurisdiction. See Fitts v. Federal Nat'l Mortgage Ass'n, 44 F. Supp.2d 317, 320 (D.D.C. 1999). On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. District of Columbia Ret. Bd. v. United States, 657 F.

Supp. 428, 431 (D.D.C. 1987). In considering a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material factual allegations in the complaint. Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). A court may also consider materials outside the pleadings as appropriate to resolve the question whether it has jurisdiction to hear the case. Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Borg-Warner Protective Servs. Corp. v. EEOC, 81 F. Supp. 2d 20, 23 (D.D.C. 2000).

A preliminary injunction is an "extraordinary and drastic remedy." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). The moving party must show:

> (1) a substantial likelihood of success on the merits; (2) that it would suffer irreparable injury if the injunction were not granted; (3) that an injunction would not substantially injure other interested parties; and (4) that the public interest would be furthered by the injunction.

Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006); see also Al-Fayed v. Central Intelligence Agency, 254 F.3d 300, 303 (D.C. Cir. 2001); Serono Labs., Inc. v. Shalala, 158 F.3d 1313, 1318 (D.C. Cir. 1998). Those four factors "interrelate on a sliding scale and must be balanced against each other." Serono Labs., Inc., 158 F.3d at 1318. However, if the moving party fails to show a likelihood of success on the merits, the court may deny the preliminary injunction motion without reaching the other three factors. Katz v. Georgetown Univ., 246 F.3d 685, 688 (D.C. Cir. 2001) (finding preliminary injunction "never will be granted unless a claimant can demonstrate a 'fair ground for litigation'"). The movant bears the burden of persuasion, and may obtain a preliminary injunction only upon a "clear showing" that it is entitled to that extraordinary remedy. Chaplaincy of Full Gospel Churches, 454 F.3d at 297.

**ARGUMENT**

I. **The District Court Lacks Jurisdiction To Review Plaintiff's Removal From The United States.**

This Court should dismiss Plaintiff's motion because it does not have subject matter jurisdiction over Plaintiff's deportation proceeding. Deportation proceedings are within the provisions of the Immigration and Naturalization Act (INA), which vests exclusive jurisdiction of removal orders in the Courts of Appeals. See 8 U.S.C. § 1252(a). INA provisions specifically preclude judicial review in the district courts. See REAL ID Act at § 106(a), codified at 8 U.S.C. § 1252(g). On May 11, 2005, the REAL ID Act became the law. Section 106(a) of the REAL ID Act made significant amendments to the INA's jurisdictional statute at 8 U.S.C. § 1252, to clarify that district courts lack jurisdiction to review any removal order or removal-related claim for any alien, criminal or non-criminal. As a result, § 1252, which the Supreme Court in INS v. St. Cyr, 533 U.S. 289 (2001) found to preclude "judicial review" over criminal aliens' removal orders, but not to preclude "habeas review" in district court, now clearly precludes all review in district court, including habeas corpus review of criminal and non-criminal aliens' removal orders and removal-related claims. Specifically, § 106(a)(3) of the REAL ID Act amended 8 U.S.C. § 1252(g), which now states as follows:

> **(g) Exclusive jurisdiction**
>
> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

The reference in § 1252(g) to "[e]xcept as provided in this section" refers to Section 1252, which provides that judicial review of removal orders is available only in the Court of Appeals through a petition for review; not in district court.  Further, by making express reference to specific statutes, including, e.g., the habeas corpus statute at 28 U.S.C. § 2241, and the mandamus statute at 28 U.S.C. § 1361, Congress made clear that there is no longer such jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  Moreover, Congress made the amendment to § 1252(g) and all of the other amendments in § 106(a) of the REAL ID Act effective immediately and applicable to any "final administrative orders of removal, deportation, exclusion" that was "issued before, on, or after the date of enactment" of the REAL ID Act § 106(b).  Accordingly, the amendments in § 106(a) apply to this case because Plaintiff seeks review of the execution of a removal order which was "issued before . . . the date of enactment" of the REAL ID Act.  Id.  "Under § 1252(g), courts are barred from reviewing discretionary decisions to 'commence proceedings, adjudicate cases, or execute removal orders."  Gomez-Chavez v. Perryman, 308 F.3d 796, 800 (7th Cir. 2002)  (citing Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999)).

Since July 2, 2003, there has been a removal order outstanding against Plaintiff because of his drug convictions in this country.  Plaintiff has appealed his removal order to the Board of Immigration Appeals and the Second Circuit, and each time, his appeals have been denied by those tribunals.  As previously noted, only Court of Appeals may review removal orders, hence, this Court does not have subject matter jurisdiction, and Plaintiff's motion must be dismissed.  Gomez-Chavez 308 F.3d at 800; 8 U.S.C. § 1252(g).

**II.     Plaintiff Has Not Met the Burden for a Preliminary
         Injunction and/or Temporary Restraining Order**

Even if this Court had jurisdiction to review Plaintiff's deportation proceeding, the motion must be dismissed because Plaintiff has not met his burden for a preliminary injunction. Plaintiff sets forth several family and personal reasons why he seeks a PI and a TRO, however he has failed to address whether or not he has a "substantial likelihood of success on the merits" regarding his removal order.  In fact, the record is completely void of any information about his deportation matter other than a conclusory statement that "his attorney . . . . had rendered ineffective representation during plaintiff's entire deportation proceeding" (Plaintiff's Motion at 3).  Instead, Plaintiff cites to Washington Metro. Area Transit Comm's v. Holiday Tours, Inc. 559 F.2d at 843-45, and asks that this Court concentrate on the three other factors for a preliminary injunction by writing, "when the other three factors strongly favor interim relief, a court may grant injunctive relief when the moving party has merely made out a 'substantial' case on the merits.  The necessary level or degree of likelihood of success that must be shown will vary according to the Court's assessment of the other factors."(Plaintiff's motion at 2).  The plaintiff, however, has misconstrued the Holiday Tours case. In Holiday Tours, the Court wrote was,

> [A] court, when confronted with a case in which the other three factors strongly favor interim relief may exercise its discretion to grant a stay <u>if the movant has made a substantial case on the merits</u>.  The court is not required to find that ultimate success by the movant is a mathematical probability, . . . .  The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the factors" Holiday Tours, Inc., 559 F.2d at 844. (Emphasis added)

In Holiday Tours, the Court was "satisfied" that the moving party for the injunction presented serious legal issue that warranted the stay.  Here, however,  Plaintiff has not demonstrated that he has

a significant likelihood of success on the merits after the Board of Immigration Appeals, and the Second Circuit have both denied his previous appeals. "[A]bsent a 'substantial indication' of likelihood of success on the merits, 'there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review.'" Biovail Corp. v. FDA, 448 F. Supp. 2d 154, (D.D.C. 2006) (quoting American Bankers Ass'n v. Nat'l Credit Union Admin., 38 F. Supp. 2d 114, 140 (D.D.C. 1999)). See Apex, Inc. v. FDA, 449 F.3d 1249, 1253-54 (D.C. Cir. 2006); Katz, 246 F.3d at 688.

Finally, plaintiff has not demonstrated that he would suffer irreparable injury if the injunction was not granted. Plaintiff writes "10" times in his motion and affidavit that he is facing "**Imminent Danger**" (emphasis in Plaintiff's pleadings), yet, Plaintiff failed to mention a deportation date. In fact, Plaintiff does not have a deportation date from this country. As Officer Antoninis wrote in his declaration, Plaintiff's "removal is not significantly likely to occur in the reasonable forseeable future . . . [and] ICE has not pursued a travel document" against Plaintiff (Decl. para. 13).

## CONCLUSION

For the above stated reasons, Plaintiff's motion and Complaint should be dismissed.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney
_____/s/_____
 RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney
_____/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 19th day of October, 2007, I caused the foregoing to be served by first class mail, postage prepaid, to plaintiff *pro se*:

NORMAN THOMAS
520 Atlantic Avenue
York, Pennsylvania 17404

                _____/s/_____
                BLANCHE L. BRUCE
                Assistant United States Attorney
                555 Fourth Street, N.W., Room E-4220
                Washington, D.C. 20530
                (202) 307-6078 (telephone)

# EXHIBIT 1

Case 1:07-cv-01286-HHK    Document 16-2    Filed 10/19/2007    Page 1 of 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORMAN A. THOMAS, )
        Petitioner )    CIV: No. 07-1286 (HHK)
        v. )
DISTRICT OF COLUMBIA )
GOVERNMENT )
        Respondents. )

## DECLARATION OF JACOB ANTONINIS

1. I am a Supervisory Detention and Deportation Officer assigned to the New York City Field Office of the U.S. Immigration and Customs Enforcement (ICE), Office of Detention and Removal Operations (DRO), U.S. Department of Homeland Security, New York City, NY. I have worked with the Detention and Removal branch of ICE since 1985 under the legacy Immigration and Naturalization Service.

2. This declaration is based upon my personal knowledge, information obtained from other individuals employed by ICE and information obtained from records maintained by ICE.

3. My present duties include liaison with the Jamaican government concerning the issuance of travel documents for nationals of Jamaica who have been ordered removed from the United States. In my current position, I am also personally familiar with inter-and intra-governmental procedures for the repatriation of persons who are born in Jamaica. .

4. I am familiar with the case of Norman A. THOMAS, A35-964-823. Mr. THOMAS is a national of Jamaica and was born on or about July 4, 1958.

5. On March 28, 1997, he was released from ICE's custody and he has remained on this release. Mr. THOMAS is currently released on bond from ICE's custody.

6. Mr. THOMAS has two criminal convictions: Mr. THOMAS was convicted for the possession of a controlled substance in the Superior Court of the District of Columbia in 1989, and for the possession of crack cocaine in the State of Pennsylvania in 1991.

7. Mr. THOMAS was transferred from the Bureau of Prison into ICE's custody on or about July 30, 1993, and was placed into removal proceedings due to his criminal convictions. He was then released on bond.

8. A final order of removal was issued to him by an Immigration Judge on July 2, 2003.

9. On August 1, 2003, Mr. THOMAS appealed his final order of removal before the Board of Immigration Appeals ("Board"). The Board denied his appeal on December 7, 2004.

10. In March 2005, Mr. THOMAS filed a federal habeas corpus; however, he was not in ICE's custody at that time, as Mr. THOMAS was released on bond in March 1997.

11. In December 2005, Mr. THOMAS filed a motion to reopen before the Board. The Board denied his motion in March 6, 2006.

12. On November 27, 2006, Mr. THOMAS filed another petition for review before the Second Circuit. This petition was subsequently dismissed.

13. Mr. THOMAS removal is not significantly likely to occur in the reasonable foreseeable future. In addition, to date, ICE has not pursued a travel document on the behalf of Mr. THOMAS.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief, and based upon records maintained in the ordinary course of business.

Executed on October 18, 2007, at New York City, NY.

Jacob Antoninis
Supervisory Detention and
Deportation Officer
New York City Field Office, NY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NORMAN A. THOMAS** : | |
| **Plaintiff,** : | |
| v. : | Civil Action No. 07-1286 (HKK) |
| **DISTRICT OF COLUMBIA, et. al.** : | |
| **Defendants.** : | |

## ORDER

UPON CONSIDERATION of Plaintiff's Motion for a Temporary Restraining Order, Defendant's opposition thereto, Defendant's Motion to Dismiss, any opposition by Plaintiff, and the entire record herein, it is on this ___ day of _____, 2007,

ORDERED that Defendant's Motion to Dismiss is granted; and it is further

ORDERED that Plaintiff's Motion for a Temporary Restraining Order is DENIED, and deemed moot.

_____
United States District Judge