UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORMAN A. THOMAS,

               Plaintiff,

   v.

DISTRICT OF COLUMBIA GOVERNMENT,
*et al.*,

Civil Action No. 07-1286 (HHK)

**ORDER**

This matter is before the Court on consideration of plaintiff's "Motion for a[n] Emergency Preliminary Injunction and a Temporary Restraining Order." The motion will be denied.

Injunctive relief is an extraordinary remedy, and plaintiffs bear a substantial burden to obtain it. *See, e.g., Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). To prevail on his motion for injunctive relief, plaintiff must "demonstrate 1) a substantial likelihood of success on the merits, 2) that [he] would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction." *Katz v. Georgetown Univ.*, 246 F.3d 685, 687 (D.C. Cir. 2001) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)); *see Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). Failure to demonstrate irreparable harm is a ground for refusing to issue an injunction, even if the moving party makes an adequate showing on the remaining factors. *See CityFed Fin. Corp.*, 58 F.3d 747; *Sea Containers Ltd. v.*

*Stena AB*, 890 F.2d 1205, 1210-11 (D.C. Cir. 1989). "In this circuit, injury is irreparable only if it is 'both certain and great.'" *Sociedad Anonima Viña Santa Rita v. United States Dep't of Treasury*, 193 F. Supp. 2d 6, 14 (D.D.C. 2001) (quoting *Wisconsin Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Further, the moving party "must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Wisconsin Gas Co.,* 758 F.2d at 674 (citation, brackets, and internal quotation marks omitted).

Here, plaintiff asserts that he is in imminent danger of removal to Jamaica pursuant to the July 2, 2003 Order of an Immigration Judge. Motion for a[n] Emergency Preliminary Injunction and a Temporary Restraining Order at 3-4.[1] Defendant Department of Homeland Security, however, represents that his "removal is not significantly likely to occur in the reasonable [sic] foreseeable future." Defendant's Memorandum in Support of Motion to Dismiss and in Opposition to Plaintiff's Motion for a Preliminary Injunction, Declaration of Jacob Antoninis ¶ 12. Plaintiff is not in custody at this time and no travel document has been requested on plaintiff's behalf. *Id.* ¶¶ 5, 13. Because plaintiff cannot show that he faces imminent danger of irreparable injury, his motion must be denied. Accordingly, it is hereby

ORDERED that plaintiff's "Motion for a[n] Emergency Preliminary Injunction and a Temporary Restraining Order" [Dkt. #12] is DENIED.

SO ORDERED.

> HENRY H. KENNEDY, Jr.
> United States District Judge

---

[1] In a separate Order, the Court will direct plaintiff to file an opposition or other response to Homeland Security's motion to dismiss.