UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMAN A. THOMAS,           )<br>                             )<br>    Plaintiff,              )<br>                             )<br>    v.                       )<br>                             )  Case No.: 07-1286 (HHK)<br>DISTRICT OF COLUMBIA, et al.,)<br>                             )<br>    Defendants.              )<br>                             )<br>                             )<br>_____) | |

### OPPOSITION TO THE MOTION TO DISMISS FILED BY DEFENDANTS THE DISTRICT OF COLUMBIA AND THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS

Plaintiff Norman A. Thomas, by and through counsel, opposes the motion to dismiss filed by Defendants the District of Columbia and the District of Columbia Department of Corrections. Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss. Plaintiff's statutory and constitutional claims can be proven from the facts as alleged in his complaint which would entitle him to relief. The District of Columbia Parole Board was the primary actor in the District of Columbia government's violation of Plaintiff's constitutional rights. Moreover, the District can effectuate the requested remedy. Finally, Defendants motion to dismiss should be denied because the D.C. Department of Corrections is *sui juris*.

### I.   FACTS

Mr. Thomas, acting *pro se*, filed a lawsuit against the District of Columbia, the District of Columbia Parole Board, the District of Columbia Department of Corrections, the Department of Homeland Security ("DHS"), and the State of New York. Mr. Thomas alleges that the District

and its agencies failed to follow its own laws concerning computation of criminal sentences violating his due process rights protected by the Fifth Amendment of the U.S. Constitution. Defendants the District of Columbia ("the District") and the D.C. Department of Corrections ("DOC") failed to execute the laws of the District instead executed their policies, customs, and procedures regarding computation of Plaintiff's 1989 sentence and parole term in violation of Mr. Thomas' civil rights protected by 42 U.S.C. § 1983. Plaintiff alleges that the District and the DOC violated the *Accardi* doctrine[1] when they failed to correctly apply D.C. law in August of 1995 when Mr. Thomas was incarcerated by the District for an alleged parole violation. The Department of Homeland Security denied Mr. Thomas relief from deportation based on the District of Columbia's incorrect criminal record and DHS entered a deportation order in 2003. Plaintiff seeks a declaratory judgment against the District of Columbia and its agencies acknowledging that the District did not have jurisdiction to arrest Mr. Thomas in 1995 and the District violated Mr. Thomas' constitutional rights by incarcerating him for more than two years based on a parole violation of an expired sentence. Mr. Thomas seeks the declaratory judgment in order to petition the Board of Immigration Appeals to re-examine his immigration status and not deny him relief from deportation based on the incorrect criminal record.

In 1989 Plaintiff was convicted by a jury in the District of Columbia Superior Court for possession of a controlled substance, *U.S. v. Norman A. Thomas*, F-3068-88. He served twenty months of a twenty month to five year sentence, upon release he was placed on parole. In 1991 Plaintiff was convicted in Pennsylvania for a controlled substance offense and sentenced to five years. Plaintiff alleges in his complaint that after he was convicted in Pennsylvania authorities in Pennsylvania contacted the appropriate authorities in D.C. to give notice of Plaintiff's conviction because he was on parole. D.C. did not issue a parole violator warrant. In 1993 Plaintiff was

---
[1] *Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

released into the custody of the Immigration and Naturalization Service ("INS") and Plaintiff alleges in his complaint that Pennsylvania authorities again contacted D.C. inquiring about whether there were any outstanding warrants for Plaintiff, none were found.

In or about August of 1993 INS served Plaintiff with an order to show cause for why he should not be deported based on his two convictions. INS released Mr. Thomas from their custody on bond pending the resolution of the immigration proceedings. Mr. Thomas alleges in his complaint that before INS released him on bond the INS authorities verified with national databases that there were no outstanding warrants for Plaintiff, none were found and he was released. Plaintiff petitioned for relief from deportation, pursuant to 212(a)-(c), (8 U.S.C. § 1182(a)-(c) (repealed) (hereinafter "212(c)")). The Immigration Judge set a September 9, 1994 deadline for Mr. Thomas' 212(c) petition. A hearing on 212(c) relief was scheduled for August 7, 1995. On August 7, 1995 Plaintiff was involved in a car accident on his way to the immigration hearing. The New York police arrested Mr. Thomas at the scene of the accident based on an allegedly valid warrant for his arrest issued by the District of Columbia. Mr. Thomas was extradited from New York to Washington, D.C. without an extradition hearing and was subsequently incarcerated by the District of Columbia for more than two years. The D.C. warrant was executed based on a parole violation of Mr. Thomas' 1989 sentence; the parole violation was the 1991 conviction in Pennsylvania.

On or about July 2, 2003 an Immigration Judge ruled that Mr. Thomas was ineligible for relief under 212(c) because Mr. Thomas had been incarcerated for more than five years. The Judge ordered Mr. Thomas to be deported. On or about August 1, 2003 Mr. Thomas appealed the order to the Board of Immigration Appeals and on or about December 7, 2004 the Board affirmed the Immigration Judge's order. On or about January 6, 2005 Mr. Thomas filed a pro se

petition in the U.S. Court of Appeals for the 2nd Circuit. On or about July 27, 2005 Mr. Thomas filed a habeas corpus petition in the U.S. District Court of the Middle District of Pennsylvania attacking the deportation order it was transferred to the second circuit and consolidated with his pro se petition.

In order for Plaintiff to adequately challenge the deportation order he must first be permitted to correct his criminal record in D.C. which was the only basis for denying Plaintiff relief under 212(c). In January of 1996 Plaintiff was in Lorton, Virginia incarcerated by the District on a purported parole violation. Plaintiff filed a writ of habeas corpus with the D.C. Superior Court, SP-092-96, asking the Court to issue a preliminary injunction and a temporary restraining order to enjoin the District from illegally detaining him. In the writ, Plaintiff alleged that in 1991 he was arrested in Pennsylvania and that despite being notified about Plaintiff's arrest the District did not issue a parole violator warrant for Plaintiff. Plaintiff further alleged that when he was released from the Pennsylvania penitentiary the District was again notified of Plaintiff's second arrest, and, the District did not issue a parole violator warrant. It was not until approximately August of 1995, after his 1989 sentence and parole had expired, that the District issued a parole violator warrant. Plaintiff alleged that the subsequent arrest and incarceration were illegal and he was entitled to a preliminary injunction and temporary restraining order. Plaintiff's writ of habeas corpus was set for a hearing before Judge Mencher on or about April 9, 1996. Judge Mencher entered an order on or about April 12, 1996 by which the District was to file with the court an affidavit describing all facts and circumstances surrounding the signature on Plaintiff's parole warrant, the basis for Jill Reed's knowledge of the issuance of the parole warrant, and any or all proofs of entry of the parole warrant into the N.C.I.C. system. Plaintiff alleges in his complaint that court docket for SP-092-96 does not contain an affidavit sworn to by

4

the District specifying the circumstances surrounding the issuance of the parole warrant as ordered by Judge Mencher.

In or around August 2003 Plaintiff filed a writ of error *coram nobis* in the D.C. Superior Court felony case, F-3068-88. Plaintiff alleged the same injustices he had petitioned for redress in 1996 before Judge Mencher. Plaintiff alleged that the District did not issue a parole warrant for his 1989 sentence until the sentence and parole had expired, therefore, the arrest and more than two years Plaintiff was incarcerated pursuant to the alleged parole violation were illegal and in violation of Plaintiff's constitutionally protected rights. Plaintiff requested the Court issue a writ of error *coram nobis* and declare that the District lacked jurisdiction over Plaintiff in 1995 when he was arrested and the District violated his constitutional rights when it incarcerated Mr. Thomas for more than two years. In February of 2006 Judge Ramsey-Johnson issued an order denying Plaintiff's motion for a writ addressing Judge Mencher's award of institutional good time credits but not Judge Mencher's order that the government file an affidavit concerning the 1995 arrest of Plaintiff. In February and March of 2006 Plaintiff filed motions for reconsideration of the Court's denial. As of December 27, 2007, Plaintiff's motions were still pending.

## II.     ISSUES PRESENTED

The District of Columbia and the D.C. Department of Corrections move for dismissal on the grounds that Plaintiff failed to allege the violation of his constitutional rights under 42 U.S.C. § 1983 was caused by a D.C. custom, policy, or practice, or that a final policymaker consciously chose to pursue unconstitutional policies and or ratified constitutional misconduct. The District also moves for dismissal on the ground that the D.C. Parole Board does not exist and the District lacks any authority over the U.S. Parole Commission. Finally the District moves for dismissal as

to the District of Columbia Department of Corrections on the grounds that the entity is *non sui juris*. Plaintiff respectfully disagrees with each of Defendants' basis for dismissal.

### III.   ARGUMENT

#### A. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept the allegations in Mr. Thomas's complaint as true and construe all facts in favor of Mr. Thomas. *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1027 (D.C. Cir. 1997); *Estate of Phillips v. District of Columbia*, No. 00-1113, 2005 U.S. Dist. LEXIS 232, at * 13 (D.D.C. Jan. 11, 2005). Moreover, the plaintiff is entitled to "the benefit of all inferences that can be derived from the facts alleged." *Estate of Phillips*, No. 00-1113, 2005 U.S. Dist. LEXIS 232, at * 13. Under Rule 12(b)(6) Mr. Thomas must give Defendants fair notice of his claims and the grounds for those claims. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, No. 06-484, 2007 U.S. LEXIS 8270, at * 20-21 (U.S. Supreme Court June 21, 2007); *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346-47 (2005). A claimant's burden under Fed. R. Civ. P. 12(b)(6) is to adequately state the claim and support it by showing any set of facts consistent with the claims in the complaint. *Bell Atlantic Corp. v. Twombly*, No. 05-1126, 2007 U.S. LEXIS 5901, at * 35-36 (U.S. Supreme Court May 21, 2007) (internal citations omitted).

Courts hold *pro se* complainants to less stringent standards than those expected of lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 n.2 (D.D.C. 2000) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (U.S. 1972)). A court will read a *pro se* complaint liberally, however, the complaint still must present sufficient facts to support a cognizable legal claim. *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.D.C. 1981).

## B. PLAINTIFF HAS SUFFICIENTLY PLED A VIOLATION OF HIS CIVIL RIGHTS UNDER 42 U.S.C. § 1983

The District of Columbia and the D.C. Department of Corrections argue incorrectly that Plaintiff does not allege in his complaint that the "violations of his constitutional rights were caused by D.C. custom, policy, or practice, or that a final policymaker consciously chose to pursue unconstitutional policies and or ratified constitutional misconduct" and therefore Plaintiffs claims under 42 U.S.C. § 1983 should be dismissed. Plaintiff alleges in his complaint that the District of Columbia, the Parole Board, and the D.C. Department of Corrections violated his Fifth Amendment Due Process rights when Plaintiff was arrested and incarcerated in 1995 pursuant to a parole violator warrant issued by the District. Plaintiff, appearing pro se, filed his complaint alleging violations of 42 U.S.C. § 1983 based on the District's execution of its customs, policies, and practices regarding sentence computation under D.C. Code § 24-431 (1991)(repealed) which resulted in the deprivation of his liberty for more than two years.

A claim brought pursuant to 42 U.S.C. § 1983 must allege that the harm incurred be caused by a constitutional violation and that the city is responsible for such violation. *Myra Jo Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 120 (1992). Plaintiff alleges that the D.C. Board of Parole and the D.C. Department of Corrections, both agencies of the District of Columbia government were the officials responsible for establishing final policy with respect to parole terms and violations, as well as the arrest and incarceration of parole violators of those convicted and sentenced in the District, including Plaintiff. *See Myra Jo Collins*, 503 U.S. at 122 (discussing *Pembaur v. Cincinnati*, 475 U.S. 469 (1986)). In the complaint Mr. Thomas alleges that the District is prohibited from claiming in 1995 that the 1991 conviction was a parole violation of the 1989 sentence based on the notice the District was given multiple times after the second conviction without any action taken by D.C. until 1995 when he was petitioning for

7

212(c) relief from deportation. Plaintiff alleges in his complaint that after he was arrested in 1995 and incarcerated based on the parole violator warrant he filed a writ of habeas corpus within the Special Proceedings division of the D.C. Superior Court's Criminal Branch. Despite Judge Mencher's order that the District provide an affidavit substantiating the circumstances of the issuance of the parole violator warrant no relief was given to Plaintiff. Plaintiff's complaint alleges that he again sought relief from the District; this time Plaintiff filed a writ of error *coram nobis* with the trial judge, after his motion was denied Plaintiff filed two motions to reconsider which are still pending before the Superior Court. Mr. Thomas' complaint puts Defendants on notice of his claim that the District caused the violation of his constitutional rights in violation of 42 U.S.C. § 1983. Assuming the facts as alleged in Plaintiff's complaint are true, as the Court must, Plaintiff has sufficiently pled a violation by the District of 42 U.S.C. § 1983 and the District's motion to dismiss must be denied.

The Court must review Plaintiff's complaint and decide not whether Plaintiff will ultimately prevail but whether Mr. Thomas is entitled to offer evidence to support his 42 U.S.C. § 1983 claims. *Scheuer v. Rhodes, et al.*, 416 U.S. 232, 236 (1974). Mr. Thomas's complaint provides sufficient detail about the governmental actions that deprived him of his Fifth Amendment rights: the issuance of a parole violator warrant in 1995, Mr. Thomas's arrest pursuant to the warrant, and the more than two years Mr. Thomas was incarcerated based on the parole violator warrant. Mr. Thomas alleges he was deprived of his liberty by the District under the color of D.C. law and the Court should not dismiss the complaint before answers are filed, without any evidence before the Court. *Scheuer*, 416 U.S. at 238, 249. It would be premature to grant the District's motion to dismiss without giving Plaintiff opportunity through discovery to

establish proof of his claim where evidence of the District's illegal conduct is in the sole possession of the Defendant.

Plaintiff's allegations regarding the District's violation of his Fifth Amendment rights is the type of action under § 1983 where a single decision attributable to the municipality, the District of Columbia, is recognized as sufficient because the evidence that the municipality had acted and that the Plaintiff had suffered deprivation of federal rights proves fault and causation. *See Board of the County Commissioners of Bryan County, Oklahoma v. Jill Brown, et al.*, 520 U.S. 397, 405 (1997) (citing *Owen v. Independence*, 445 U.S. 622 (1980); *Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981)).

### C. PLAINTIFF SEEKS RELIEF FROM THE DISTRICT NOT FROM THE UNITED STATES PAROLE COMMISSION

The District also moves for dismissal on the ground that the D.C. Parole Board no longer exists and the District lacks any authority over the U.S. Parole Commission, therefore the District cannot provide relief to Plaintiff because "it lacks authority over parole and sentencing matters." However, Defendants misconstrue the relief Plaintiff seeks. Plaintiff requests that the Court enter a declaratory judgment against the District that the District violated the *Accardi* doctrine, violated D.C. statutory law applicable to Plaintiff's 1989 sentence, violated Plaintiff's Fifth Amendment Due Process right to liberty and due process; and violated 42 U.S.C. § 1983. The District is the proper party Defendant, therefore the Defendants motion to dismiss must be denied.

Mr. Thomas seeks to correct his criminal record so that he may have his immigration status determined on a record that accurately reflects his criminal history. Plaintiff is the father of three children whom are United States citizens. At the time of his arrest in 1995 Plaintiff was

gainfully employed and regularly appearing in immigration proceedings. In 2003 a deportation order was issued against Plaintiff based on D.C.'s incorrect criminal record. Plaintiff has lived in fear of deportation ever since. On numerous occasions Plaintiff has attempted to correct his criminal record, however, to date Plaintiff has not been able procure the documents in the government's possession that will prove the District's criminal record is incorrect. Plaintiff seeks a declaratory judgment so that he can petition the Board of Immigration Appeals to consider him for 212(c) relief based on a correct record.

Defendants cite to cases in which individuals in the custody of the federal government brought suit challenging the revocation of their parole status and seeking release from custody, which are distinguishable from Plaintiff's complaint. *See Thaddeus A. Fletcher v. Edward F. Reilly, Jr., et al.*, 433 F.3d 867 (D.C. Cir. 2006); *Byron Gant v. Edward F. Reilly, Jr., et al.*, 224 F. Supp. 2d 26 (D.D.C. 2002); *Curtis E. Crawford v. Patricia A. Jackson*, 323 F.3d 123 (D.C. Cir. 2003)). Plaintiff is not in custody and is therefore not seeking release; Plaintiff seeks a remedy the District can provide, a declaration that Plaintiff's criminal record regarding his arrest in 1995 and the more than two years he was incarcerated were actions by the District done in violation of D.C. and federal statute, and Plaintiff's constitutionally protected rights. Defendants' motion to dismiss on the grounds that the District cannot provide relief must fail.

### D. THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS IS *SUI JURIS*

Finally the District moves for dismissal as to the District of Columbia Department of Corrections on the grounds that the entity is *non sui juris*. However, none of the cases Defendants cite in their motion involve the D.C. Department of Corrections as a party, instead they focus on whether the National Capital Housing Authority and the D.C. Armory Board can be sued. *See Simmons v. D.C. Armory Board*, 656 A.2d 1155 (D.C. 1995); *Braxton v. National*

*Capital Housing Authority*, 396 A.2d 215 (D.C. 1978). The District of Columbia Department of Corrections has been named as a party defendant in civil actions in the D.C. Superior Court; therefore, the Department of Corrections can be named as a Defendant in the present case. *See Pitt v. D.C. Dept. of Corrections*, 819 A.2d 955 (D.C. 2003); *D.C. Dept. of Corrections, et al. v. Teamsters Union Local No. 246*, 554 A.2d 319 (D.C. 1989).

### IV.     CONCLUSION

For the foregoing reasons Plaintiff respectfully requests that the Court deny the motion to dismiss filed by the District of Columbia and the District of Columbia Department of Corrections.

January 4, 2008                                            Respectfully submitted,

                                                          Norman A. Thomas

                                                          /s/ Frederick A. Douglas
                                                          Frederick A. Douglas, Bar No. 197897
                                                          Douglas & Boykin PLLC
                                                          1850 M Street, N.W., Suite 640
                                                          Washington, D.C. 20036
                                                          P 202-776-0370
                                                          F 202-776-0975
                                                          FDouglas@douglasboykin.com
                                                          *Counsel for Plaintiff Norman A. Thomas*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of January 2008, a true and correct copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss was sent via United States mail, postage prepaid to:

Corliss Vaughn Adams, Esq.
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001

_____
Monica O'Connell, Esquire

## CERTIFICATION

    I, Norman A. Thomas, swear or affirm under the penalties of perjury that the foregoing Opposition to the Motion to Dismiss filed by the District of Columbia and the District of Columbia Department of Corrections is true and correct to the best of my information and belief.

*/s/ Norman A. Thomas*
Norman A. Thomas

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMAN A. THOMAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, et al., )<br>)<br>Defendants. )<br>)<br>) | Case No.: 07-1286 (HKK) |

## ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendants the District of Columbia and the D.C. Department of Corrections, and Plaintiff's Opposition thereto. Upon consideration of the Defendants' motion, Plaintiff's opposition, and the record herein it is this ___ day of _____, 200___,

ORDERED that Defendants' Motion to Dismiss be, and it hereby is, denied.

**JUDGE HENRY H. KENNEDY**

Copies to:
Blanche L. Bruce, Esq.
Assistant U.S. Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530

Corliss Vaughn Adams, Esq.
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001

Frederick A. Douglas, Esq.
Douglas & Boykin PLLC
1850 M Street, N.W., Suite 640
Washington, D.C. 20036