# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMAN A. THOMAS,     ) | |
|               ) | |
|     Plaintiff,      ) | |
|               ) | |
|     v.          ) | Case No.:  07-1286 (HHK) |
|               ) | |
| DISTRICT OF COLUMBIA, et al.,    ) | |
|               ) | |
|     Defendants.    ) | |
|               ) | |
|               ) | |

## OPPOSITION TO DEFENDANT DEPARTMENT OF HOMELAND SECURITY'S MOTION TO DISMISS

Plaintiff, by and through counsel, hereby files his opposition to Defendant Department of Homeland Security's Motion to Dismiss. Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss because the Court has jurisdiction over Plaintiff's claims inasmuch as Plaintiff has alleged facts upon which relief can be granted.

## I.     FACTS

Mr. Thomas, acting *pro se*, filed a lawsuit against the District of Columbia, the District of Columbia Parole Board, the District of Columbia Department of Corrections, the Department of Homeland Security ("DHS"), and the State of New York. Mr. Thomas alleges that the District and its agencies failed to follow its own laws concerning computation of criminal sentences violating his due process rights protected by the Fifth Amendment of the U.S. Constitution. Defendants the District of Columbia ("the District") and the D.C. Department of Corrections ("DOC") executed their policies, customs, and procedures regarding computation of Plaintiff's 1989 sentence and parole term in violation of Mr. Thomas' civil rights protected by 42 U.S.C. §

1983. Plaintiff alleges in his complaint that the District and the DOC violated the *Accardi* doctrine[1] when they failed to correctly apply D.C. law in August of 1995 when Mr. Thomas was incarcerated by the District for an alleged parole violation. The Department of Homeland Security denied Plaintiff relief from deportation based on the District of Columbia's incorrect criminal record and DHS entered a deportation order in 2003. Plaintiff seeks a declaratory judgment against the District of Columbia and its agencies acknowledging that the District did not have jurisdiction to arrest Mr. Thomas in 1995 and incarcerate him for approximately two years based on a parole violation of an expired sentence. The declaratory relief will allow Mr. Thomas to petition the Board of Immigration Appeals to re-examine his immigration status and not deny him relief from deportation based on the incorrect criminal record.

In 1989 Plaintiff was convicted by a jury in the District of Columbia Superior Court for possession of a controlled substance. He served twenty months of a twenty month to five year sentence, upon release he was placed on parole. In 1991 Plaintiff was convicted in Pennsylvania for a controlled substance offense and sentenced to five years. Plaintiff alleges in his complaint that after he was convicted in Pennsylvania authorities in Pennsylvania contacted the appropriate authorities in D.C. to give notice of Plaintiff's conviction because he was on parole. D.C. did not issue a parole violator warrant. In 1993 Plaintiff was released into the custody of the Immigration and Naturalization Service ("INS") and Plaintiff alleges in his complaint that Pennsylvania authorities again contacted D.C. inquiring about whether there were any outstanding warrants for Plaintiff, there were none.

In or about August of 1993 Plaintiff was served with an order to show cause from INS and was released from INS custody on bond. Mr. Thomas alleges in his complaint that before INS released him on bond the INS authorities search national databases for outstanding warrants

---

[1] *Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

but none were found and he was released. Plaintiff, through counsel, petitioned for 212(a)-(c), (8 U.S.C. § 1182(a)-(c) (repealed) (hereinafter "212(c)")) relief from deportation based on his criminal convictions. The Immigration Judge set a September 9, 1994 deadline for Mr. Thomas' 212(c) petition. A hearing on 212(c) relief was scheduled for August 7, 1995. On August 7, 1995 Plaintiff was involved in a car accident on his way to the immigration hearing. The New York police arrested Mr. Thomas at the scene of the accident based on an allegedly valid warrant for his arrest issued by the District of Columbia. Mr. Thomas was extradited from New York to Washington, D.C. without an extradition hearing and was subsequently incarcerated by the District of Columbia for more than two years. The D.C. warrant was executed based on a parole violation of Mr. Thomas' 1989 sentence; the parole violation was the 1991 conviction in Pennsylvania.

On or about April 24, 1996, an Immigration Judge adjourned the proceedings until November 1, 1996. On or about July 2, 2003 an Immigration Judge ruled that Mr. Thomas was ineligible for relief under 212(c) because Mr. Thomas had been incarcerated for more than five years. The Judge ordered Mr. Thomas to be deported. On or about August 1, 2003 Mr. Thomas appealed the order to the Board of Immigration Appeals and on or about December 7, 2004 the Board affirmed the order. On or about January 6, 2005 Mr. Thomas filed a pro se petition in the U.S. Court of Appeals for the 2nd Circuit. On or about July 27, 2005 Mr. Thomas filed a habeas corpus petition in the U.S. District Court of the Middle District of Pennsylvania attacking the deportation order and the petition was transferred to the second circuit and consolidated with his pro se petition.

In order for Plaintiff to adequately challenge the deportation order he must first be permitted to correct his criminal record in D.C. which was the only basis for denying Plaintiff

3

relief under what was 212(c). In January of 1996 Plaintiff was in Lorton, Virginia incarcerated by the District under the pretense of a parole violation. Plaintiff filed a writ of habeas corpus with the D.C. Superior Court, SP-092-96, asking the Court to issue a preliminary injunction and a temporary restraining order to enjoin the District from illegally detaining him. In the writ Plaintiff alleged that in 1991 he was arrested in Pennsylvania and that despite being notified about Plaintiff's arrest the District did not issue a parole violator warrant for Plaintiff. Plaintiff further alleged that when he was released from the Pennsylvania penitentiary the District was again notified of Plaintiff's second arrest and the District did not issue a parole violator warrant. It was not until approximately August of 1995, after his 1989 sentence and parole had expired, that the District issued a parole violator warrant. Plaintiff therefore alleges that the subsequent arrest and incarceration were illegal and he was entitled to a preliminary injunction and temporary restraining order. Plaintiff's writ of habeas corpus was set for a hearing before Judge Mencher on or about April 9, 1996. Judge Mencher entered an order on or about April 12, 1996 by which the District was to file with the court an affidavit describing all facts and circumstances surrounding the signature on Plaintiff's parole warrant, the basis for Jill Reed's knowledge of the issuance of the parole warrant, and any or all proofs of entry of the parole warrant into the N.C.I.C. system. Plaintiff alleges in his complaint that his Superior Court criminal file does not contain an affidavit sworn to by the District specifying the circumstances surrounding the issuance of the parole warrant as ordered by Judge Mencher.

In or around August 2003 Plaintiff filed a writ of error *coram nobis* in the D.C. Superior Court felony case, F-3068-88. Plaintiff alleged the same injustices he had petitioned for redress in 1996 before Judge Mencher. Plaintiff alleged that the District did not issue a parole warrant for his 1989 sentence until the sentence and parole had expired, therefore, the arrest and more

than two years Plaintiff was incarcerated pursuant to the alleged parole violation were illegal and

in violation of Plaintiff's constitutionally protected rights. Plaintiff requested the Court issue a

writ of error *coram nobis* and declare that the District lacked jurisdiction over Plaintiff in 1995

when he was arrested and the District violated his constitutional rights when it incarcerated

Plaintiff for more than two years. In February of 2006 Judge Ramsey-Johnson issued an order in

F-3068-88 denying Plaintiff's motion for a writ focusing on Judge Mencher's award of

institutional good time credits but not Judge Mencher's order that the government file an

affidavit concerning the 1995 arrest of Plaintiff. In February and March of 2006 Plaintiff filed

motions for reconsideration of the Court's denial. Plaintiff's motions were pending as of

December 27, 2007.

## II.    ISSUES PRESENTED

The Department of Homeland Security ("DHS") moves for dismissal pursuant to Rule

12(b)(6) and 12(b)(1), respectively, of the Federal Rules of Civil Procedure. DHS erroneously

argues that the Court lacks subject matter jurisdiction over Plaintiff's complaint because DHS

surmises that Plaintiff is attacking the deportation proceedings, requesting review of the removal

order or making removal-related claims, or requesting review of the execution of a removal

order. DHS submits Plaintiff's complaint is reviewable only in United States Courts of Appeals

or is not subject to judicial review under 8 U.S.C. § 1252(a), (g) (2007). Plaintiff, by and

through counsel, disagrees.

## III.    ARGUMENT

### A.    STANDARD OF REVIEW

DHS's request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) consists of a brief

description of the standard of review the Court should apply without any discussion in its argument that Plaintiff failed to state a claim upon which relief can be granted. In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept the allegations in Mr. Thomas's complaint as true and construe all facts in favor of Mr. Thomas. *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1027 (D.C. Cir. 1997); *Estate of Phillips v. District of Columbia*, No. 00-1113, 2005 U.S. Dist. LEXIS 232, at * 13 (D.D.C. Jan. 11, 2005). Under Rule 12(b)(6) Mr. Thomas must give Defendants fair notice of his claims and the grounds for those claims. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, No. 06-484, 2007 U.S. LEXIS 8270, at * 20-21 (U.S. Supreme Court June 21, 2007); *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346-47 (2005). A claimant's burden under Rule 12(b)(6) is to adequately state a claim and support it by showing any set of facts consistent with that claim. *Bell Atlantic Corp. v. Twombly*, No. 05-1126, 2007 U.S. LEXIS 5901, at * 35-36 (U.S. Supreme Court May 21, 2007) (internal citations omitted).

Presumably DHS is making a facial challenge to the Court's subject matter jurisdiction of Plaintiff's complaint based on the standard of review DHS proffers to the Court. *See* Defendant Department of Homeland Security's Motion to Dismiss, pg. 4; *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *APWU v. Potter*, 343 F.3d 619, 623-24 (2nd Cir. 2003). When a motion to dismiss has been filed making a facial challenge to subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), the complaint must be construed liberally by the Court and the Court must accept as true all uncontroverted factual allegations as well as make all reasonable inferences in Plaintiff's favor. *Scheuer*, 416 U.S. at 236. Plaintiff has the burden of establishing jurisdiction; for federal question jurisdiction Plaintiff must proffer a non-frivolous claim based on federal law. *Moms Against Mercury, et al. v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007); (burden of establishing

subject matter jurisdiction); *Neitzke v. Williams*, 490 U.S. 319 (1989) (federal question jurisdiction).

Courts hold *pro se* complainants to less stringent standards than those expected of lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 n.2 (D.D.C. 2000) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (U.S. 1972)). A court will read a *pro se* complaint liberally, however, the complaint still must present sufficient facts to support a cognizable legal claim. *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.D.C. 1981).

**B.    PLAINTIFF ALLEGES IN HIS COMPLAINT FACTS UPON WHICH RELIEF CAN GRANTED**

Plaintiff alleges in his complaint that the District of Columbia, the District of Columbia Parole Board, and the District of Columbia Department of Corrections violated his rights to liberty and due process protected by the Fifth Amendment, thereby, violating 42 U.S.C. § 1983. Plaintiff also claims that the District and its agencies violated the Administrative Procedures Act ("APA") and the *Accardi* doctrine when they failed to follow D.C. statutory law. Plaintiff alleges sufficient facts in his complaint to support each claim made.

The facts alleged in the complaint are sufficient to support Plaintiff's claims. In August of 1989 Plaintiff was sentenced by the District of Columbia to serve twenty months to a five year term of incarceration. Plaintiff was released and placed on parole after serving twenty months. In 1991 Plaintiff was arrested in Pennsylvania. D.C. was notified that their parolee had been convicted for a second time but no parole violator warrant was issued, sent to Pennsylvania authorities, or registered on the N.C.I.C. system. When Plaintiff was released from prison in Pennsylvania again D.C. was notified, this time that their parolee was being released into INS custody and again D.C. did not issue a parole violator warrant to Pennsylvania authorities or the

INS.  In 1993 deportation proceedings were initiated against Plaintiff based on his two criminal convictions.  INS released Plaintiff on bond for the duration of the immigration proceedings but not before verifying whether or not Plaintiff had any outstanding warrants.  No warrants were found.

Plaintiff sought relief from deportation under 212(c) which allowed persons with two convictions to avoid deportation at the discretion of the Attorney General, but persons incarcerated for more than five years were ineligible for such relief.  Plaintiff's hearing on his 212(c) petition for relief was scheduled for August 7, 1995.  Plaintiff's immigration lawyer investigated Plaintiff's criminal record prior to filing the 212(c) petition and the record did not reflect any outstanding parole violator warrants from D.C.  However, on August 7, 1995 the government attorney appearing at the immigration hearing shared a copy of Plaintiff's criminal record with Plaintiff's attorney showing two outstanding parole violator warrants.  There were even two U.S. Marshals present at the immigration hearing to arrest Plaintiff on the D.C. warrant.  That same day Plaintiff was arrested in New York after a warrant check was done on Plaintiff at the scene of a car accident.  Subsequently Plaintiff was extradited to D.C. and incarcerated for more than two years based on the alleged 1991 parole violator warrant.

Plaintiff was made ineligible for 212(c) relief from deportation based on the more than five years he was incarcerated, more than two of which were due to the District's violation of Plaintiff's statutory and constitutional rights.  Plaintiff's complaint gives the Defendants notice that he challenges the jurisdiction over his person in August of 1995 when he was arrested, and that he asserts violations of D.C. and federal statutes in violation of his constitutional rights as a result of his incarceration by the District.

Plaintiff's complaint establishes that under District of Columbia law from the time he was sentenced in 1989 until the time of his illegal incarceration in 1995 Mr. Thomas was entitled to receive credit towards his sentence for time spent on parole. *Noble v. U.S. Parole Commission*, 32 F. Supp. 2d 11 (D.D.C. 1998), *affirmed*, 194 F.3d 152 (D.C. Cir. 1999); D.C. Code § 24-431 (1991)(repealed); DCMR 28-601.6, 601.7 (2007). Plaintiff's complaint also proffers to the Court case law supporting the proposition that when the District failed to issue a parole violator warrant while Plaintiff was on parole they lost jurisdiction over Plaintiff. *U.S. v. Merritt*, 478 F. Supp. 804 (D.D.C. 1979); *Shields v. Beto*, 370 F.2d 1003 (5th Cir. 1967). But for the errors in Plaintiff's criminal record caused by the District of Columbia's violations of D.C. and federal statutes as well as his constitutional rights there was and could still be a substantial likelihood that Mr. Thomas would have, and still could be granted relief pursuant to 212(c). *U.S. v. Copeland*, 376 F.3d 61, 73 (2nd Cir. 2004)(citing *INS v. St. Cyr*, 533 U.S. 289, 296 (2001). Plaintiff has set forth sufficient facts and law to survive Defendant's motion to dismiss and Mr. Thomas is entitled to adjudicate his claims.

## C.    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA HAS SUBJECT MATTER JURISDICTION OVER MR. THOMAS' CLAIMS

The Department of Homeland Security mistakenly depicts Plaintiff's complaint as an attack on the deportation order against Plaintiff. Mr. Thomas is challenging the District of Columbia government's jurisdiction over him in August of 1995, when the District, through its agencies, caused the arrest of Mr. Thomas and incarcerated him for more than two years based on an alleged parole violation. Plaintiff proffers in his complaint that D.C.'s actions violated D.C. and federal statutory law and his constitutional rights to liberty and due process. Mr. Thomas is not attacking the deportation proceedings; he is not requesting review of a removal

order or bringing removal-related claims; he is not requesting review of the execution of a removal order. Plaintiff's claims are not precluded from review by this Court pursuant to 8 U.S.C. § 1252(a), (g) (2007).

DHS is a necessary party to this civil action because a valid deportation order has been issued against Plaintiff. While Plaintiff is currently challenging the criminal record which served as a basis for the Immigration Judge's denial of relief from deportation under 212(c), he could be deported at any time and his claims thereby mooted. Plaintiff is entitled to litigate his statutory and constitutional claims without the looming and imminent threat of deportation before adjudication on the merits.

The District Court for the District of Columbia has subject matter jurisdiction over Plaintiff's complaint pursuant to 28 U.S.C. §§ 1331, 1343, 1346(a)(2) (2007) which gives United States District Courts original jurisdiction over civil actions "arising under the constitution, laws or treaties of the United States, civil actions seeking relief from injury from deprivation under color of state law…or custom of any right, privilege or immunity secured by the constitution and to secure equitable relief under an Act of congress providing for protection of civil rights, as well as original jurisdiction of civil actions against the United States founded either upon the constitution or any Act of congress, or any regulation of an executive department." Mr. Thomas alleges in his complaint that Defendants violated his constitutional rights to due process and to liberty. *See* Plaintiff's Complaint, pg. 2. Plaintiff alleges that D.C. violated a federal statute, 42 U.S.C. § 1983, and a D.C. statute, D.C. Code § 24-431 (1991)(repealed). *Id.* If DHS were to execute the deportation order pending against Mr. Thomas he would be deprived of his due process rights and deportation would violate his liberty interest both protected by the Fifth Amendment of the U.S. Constitution.

## IV.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny

Defendant Department of Homeland Security's motion to dismiss.

January 4, 2008                                    Respectfully submitted,

                                                   Norman A. Thomas

                                                   Frederick A. Douglas, Bar No. 197897
                                                   Douglas & Boykin PLLC
                                                   1850 M Street, N.W., Suite 640
                                                   Washington, D.C. 20036
                                                   P 202-776-0370
                                                   F 202-776-0975
                                                   FDouglas@douglasboykin.com
                                                   *Counsel for Norman A. Thomas*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of January 2008, a true and correct copy of the

foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss was sent via United States

mail, postage prepaid to:

Blanche L. Bruce, Esquire
Assistant U.S. Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530

                                        Monica O'Connell, Esquire

## CERTIFICATION

I, Norman A. Thomas, swear or affirm under the penalties of perjury that the foregoing Opposition to the Motion to Dismiss filed by the Department of Homeland Security and the above Reply to the Opposition to Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order filed by Department of Homeland Security is true and correct to the best of my information and belief.

Norman A. Thomas

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NORMAN A. THOMAS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 07-1286 (HKK)** |
| ) | |
| **DISTRICT OF COLUMBIA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |
| ) | |

### ORDER

This matter is before the Court on Defendant Department of Homeland Security's Motion

to Dismiss, and Plaintiff's Opposition thereto.  Upon consideration of Defendant Department of

Homeland Security's motion, Plaintiff's opposition, and the record herein, it is this ___ day of

_____, 200___,

ORDERED that Defendant's Motion to Dismiss be, and it hereby is, denied.


_____
**JUDGE HENRY H. KENNEDY**

Copies to:
Blanche L. Bruce, Esq.
Assistant U.S. Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530

Corliss Vaughn Adams, Esq.
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001

Frederick A. Douglas, Esq.
Douglas & Boykin PLLC
1850 M Street, N.W., Suite 640
Washington, D.C. 20036