IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **NORMAN A. THOMAS** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 07-1286 (HKK) |
| : | |
| **DISTRICT OF COLUMBIA, et. al.** : | |
| : | |
| **Defendants.** : | |

**DEFENDANT'S REPLY TO PLAINTIFF OPPOSITION TO
DEPARTMENT OF HOMELAND SECURITY'S MOTION TO DISMISS**

In reply to Plaintiff's Opposition to Defendant Department of Homeland Security's (DHS) Motion to Dismiss, Defendant states the following.

1. Plaintiff's lawsuit really concerns whether or not the District of Columbia should have given him good time credit while he was on parole for a 1989 drug conviction, which is not a federal interest of Defendant DHS.

2. Yet, Plaintiff claims that Defendant DHS is a necessary party to this civil action because "a valid deportation order has been issued against Plaintiff.  While Plaintiff is currently challenging the criminal record which served as a basis for the Immigration Judge's denial of relief from deportation under 212( c), he could be deport at any time and his claims [against the District of Columbia] thereby mooted.  Plaintiff is entitled to litigate his statutory and constitutional claims without the looming and imminent threat of deportation before adjudication on the merits." Opp. at

10.

      3.     Other than provide a conclusory statement that his deportation is "looming and [a] imminent threat," Plaintiff has provided no evidence in support of that statement. Defendant made clear in its Motion to Dismiss and the Declaration of Supervisory Detention and Deportation Officer Jacob Antoninis, Plaintiff faces no threat of deportation from this country. (Docket 15 &16). As previously stated, Plaintiff has been on release status in this country from Immigration and Custom Enforcement since March 28, 1997, well over ten years. Furthermore, Officer Antoninis acknowledged that Plaintiff's removal "is not significantly likely to occur in the reasonable foreseeable future," and moreover, "a travel document" has not been pursued for the Plaintiff. Plaintiff's Opposition provides this Court with no evidence to the contrary. Finally, assuming Plaintiff's deportation is "looming and imminent," which Defendant does not concede, deportation proceedings are within the provisions of the Immigration and Naturalization Act (INA), which vests exclusive jurisdiction for review of removal orders in the Courts of Appeals, and not the district court. See 8 U.S.C. § 1252(a). Indeed, INA provisions specifically preclude judicial review in the district courts. See REAL ID Act at § 106(a), codified at 8 U.S.C. § 1252(g).

**CONCLUSION**

For the above stated reasons, Plaintiff's Motion and Complaint should be dismissed against Defendant Department of Homeland Security.

Dated: January 28, 2008/ECF

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
 RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney